NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1732
_____

UNITED STATES OF AMERICA

v.

EFRAIN RODRIGUEZ,
                              Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. No. 3-15-cr-00203-001)
Honorable Robert D. Mariani, District Judge

_____

Submitted under Third Circuit LAR 34.1(a)
December 9, 2016

BEFORE:  FISHER, KRAUSE, and GREENBERG, Circuit Judges

(Filed: December 16, 2016)
_____

OPINION[*]
_____


GREENBERG, Circuit Judge.


_____

[*] This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

This matter comes on before this Court on appeal from a judgment of conviction and sentence entered in the District Court on March 15, 2016, pursuant to defendant-appellant Efrain Rodriguez's plea of guilty to a charge under 18 U.S.C. § 113(a)(6). A grand jury in the Middle District of Pennsylvania returned a two-count indictment against Rodriguez, an inmate in the United States Penitentiary Canaan in Waymart, Pennsylvania, for intentionally assaulting another inmate and causing him serious bodily injury contrary to 18 U.S.C. § 113(a)(6) (Count 1) and knowingly possessing a prohibited object, namely a homemade shank fashioned from a razor blade and a toothbrush that was designed and intended to be used as a weapon, contrary to 18 U.S.C. § 1791(a)(2) and (b)(3) (Count II).

Pursuant to a plea agreement, Rodriguez pleaded guilty to Count I of the indictment. The agreement provided that after sentencing on Count I the government would move to dismiss Count II. The probation department in a presentence report concluded that Rodriguez's total offense level was 21 and his criminal history category was VI. These calculations resulted in an advisory guideline range of 77 to 96 months, calculations that Rodriguez does not challenge. Rodriguez did not ask the Court for a departure from the advisory guideline range but his attorney unsuccessfully moved for a seven-month downward variance from that range.

After Rodriguez addressed the Court it sentenced him to an 80-month custodial term to run consecutively to the custodial term he already was serving, to be followed by a three-year term of supervised release to run concurrently with the term of supervised release that he would serve after completing the custodial term that he already was

2

serving. The Court also dismissed Count II of the indictment. Though Rodriguez does not contend that the sentence was not authorized by the plea agreement, he nevertheless appeals.

The Federal Public Defender has filed a motion pursuant to Anders v. California, 386 U.S. 739, 87 S.Ct. 1396 (1967), and Third Circuit LAR 109.2 seeking to withdraw as counsel for Rodriguez. In his motion, the Federal Public Defender has indicated that "[a]fter careful review of the record and applicable law, [he] has not been able to identify any issue of even arguable merit that could be raised on Rodriguez's behalf."

We, too, have examined the record and, like Rodriguez's attorney, have not found any meritorious issue that could be raised on Rodriguez's behalf. Actually, Rodriguez obtained a result that was about as favorable as he could have expected. After all, the District Court sentenced him to a term that was only three months above the bottom of the advisory guideline range and it dismissed the second count of the two-count indictment in accordance with the plea agreement.

For the foregoing reasons, we grant the Federal Public Defender's motion to withdraw as counsel for Rodriguez and will affirm the judgment of conviction and sentence entered on March 16, 2016.